[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
Plaintiff Thomas P. Brennan appeals from the final decision of the defendant Department of Motor Vehicles ("the department") suspending the plaintiff's driver's license for failure to complete mandated substance abuse treatment. For the following reasons, the court finds no error in the agency proceedings and dismisses this appeal.
 BACKGROUND
The administrative record reveals the following facts. The plaintiff was convicted in 1995 and in 1999 of operating a motor vehicle under the influence of alcohol. (Return of Record "ROR"), Final Decision, ¶ 2.) In order to reinstate his license after his second conviction, the CT Page 1601 plaintiff was required either to complete a substance abuse treatment program "approved by the Commissioner of Motor Vehicles" pursuant to General Statutes § 14-227f (a) or obtain a waiver of this requirement pursuant to General Statutes § 14-227f (c).[1] (ROR, Final Decision, ¶¶ 3, 4.) In this case, there is no evidence or claim that the plaintiff completed a substance abuse treatment program "approved by the Commissioner of Motor Vehicles" pursuant to General Statutes §14-227f (a). Instead, the plaintiff claims that he has satisfied the conditions for a waiver of that requirement.
In 2000, the plaintiff obtained psychotherapy from a medical doctor and engaged in outpatient consultations with a psychiatric social worker. (ROR, August 21, 2000 letter from Paul E. Cummings, PSW; October 18, 2000 letter from Charles Silberman, M.D; Final Decision, ¶ 6.) In 1996, the plaintiff completed an impaired driver intervention program. (ROR, October 30, 2000 letter from Susan M. Kelly; Final Decision, ¶ 6.) On November 8, 2000, the department concluded that the information the plaintiff had submitted about his treatment programs failed to meet the waiver requirements. (ROR, State's Exhibit D.)
A hearing took place on January 2, 2001 to allow the plaintiff to respond to the department's action. In a written decision dated February 28, 2001, the hearing officer found that neither the treatment provided by the medical doctor nor that provided by the psychiatric social worker qualified as being substantially in compliance with the waiver criteria. The hearing officer also observed that the coordinator of the impaired driver intervention program stated in writing that the program was not comparable to the waiver requirements. (ROR, Final Decision, ¶¶ 8, 9.) The hearing officer concluded that the evidence submitted by the plaintiff was insufficient to constitute a substantial treatment program warranting a waiver pursuant to § 14-227f-7 of the Regulations of Connecticut State Agencies. The hearing officer therefore ordered that the plaintiff's license remain suspended until such time as he complied with § 14-227f of the General Statutes and the regulations thereunder. (ROR, Final Decision, p. 2.)
The plaintiff appeals to this court.
 DISCUSSION I
Under the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., judicial review of an agency decision is very restricted. See MacDermid, Inc. v. Department of EnvironmentalProtection, 257 Conn. 128, 136-37, 778 A.2d 7 (2001). Section 4-183 (j) CT Page 1602 of the General Statutes provides as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Stated differently, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Internal quotations omitted.) Schallenkamp v. DelPonte,229 Conn. 31, 40, 639 A.2d 1018 (1994). "It is fundamental that a plaintiff has the burden of proving that the [agency], on the facts before [it], acted contrary to law and in abuse of [its] discretion. . . ." (Internal quotation marks omitted). Murphy v. Commissioner of MotorVehicles, 254 Conn. 333, 343, 757 A.2d 561 (2000).
 II
The plaintiff's primary claim on appeal is that the hearing officer erred in finding that the evidence was insufficient to justify waiving the requirement that the plaintiff complete a substance abuse treatment program under General Statutes § 14-227f.[2] The hearing officer relied on § 14-227f-7 of the Regulations of Connecticut State Agencies. This section of the Regulations requires that, to qualify for a waiver, a person must enroll in a treatment program that has received governmental approval or meets certain accreditation standards, that runs for a specified number of hours or sessions and has a specified length, that develops a plan for the person's treatment with a counselor certified by the Department of Mental Health and Addiction Services, and that discharges the client with the approval and certification of the faculty or certified counselor.[3]
CT Page 1603
There is no significant evidence in the record to refute the hearing officer's finding that neither the treatment provided by the medical doctor nor that provided by the psychiatric social worker qualified as being substantially in compliance with the waiver criteria. The record contains no evidence, for example, that either the doctor or the social worker operated a government-approved or an accredited treatment program. Similarly, there is no evidence in the record that these treaters developed a plan for the plaintiff's treatment with a counselor certified by the Department of Mental Health and Addiction Services. Although the plaintiff did supply letters from the doctor and the social worker setting forth the number of meetings that they had with the plaintiff; (ROR, August 21, 2000 letter from Paul E. Cummings, PSW; October 18, 2000 letter from Charles Silberman, M.D); these meetings do not appear to satisfy the temporal requirements of § 14-227f-7 (2) of the Regulations.
In the case of the impaired driver intervention program that the plaintiff completed, the hearing officer's finding is also well supported. As the hearing officer observed, the coordinator of the program herself certified that the program is not comparable to the waiver requirements. Further, given that the plaintiff completed the program in 1996, before his second drunk driving conviction, the hearing officer could reasonably have concluded that this program did not benefit the plaintiff.
This court cannot substitute its judgment for the hearing officer's belief that the programs in which the plaintiff participated did not satisfy the waiver requirements. There is substantial evidence to support the hearing officer's factual findings and his conclusions were reasonable.
 CONCLUSION
The plaintiff having failed to sustain the grounds for his appeal, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court